

FILED

11:51 am, 2/17/23

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

CHRISTOPHER DOMINGUEZ,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No.  22-CV-0246-NDF
Criminal No: 17-CR-98-F
18-CR-186-F[1]

### ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT AND AMEND HIS § 2255 MOTION AND DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

This matter is before the Court on Defendant/Petitioner Christopher Dominguez's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Civil Case ECF 1), and his Motion for Leave to Supplement and Amend his § 2255 Motion Pursuant to Fed. R. Civ. P. 15 (ECF 4).  The government opposes the motion to vacate but does not oppose the motion for leave to supplement and amend. ECF 3, 11.  The matter is fully briefed and ready for disposition. ECF 10.

As to the motion for leave to amend and supplement the § 2255 motion, the government recognizes that this motion is timely and creates no prejudice.  Consequently,

---

[1] This docket number reflects unrelated conduct charged by the District of New Mexico.  That district's docket number for the New Mexico offense conduct is 16-CR-4697-MV.

the government does not oppose. For these same reasons, the Court GRANTS leave to amend and supplement (ECF 4) and will consider the additional basis advanced by Mr. Dominguez in support of his § 2255 motion.

Additionally, and for the reasons explained below, the Court concludes Dominguez's appellate counsel was not ineffective in arguing trial counsel failed to provide close assistance (as opposed to effective assistance) because appellate counsel in fact argued the standard applicable to effective assistance. Further, the effectiveness of trial counsel was fully and comprehensively considered by the Tenth Circuit so it may not now be raised on collateral attack. The Court additionally concludes Dominguez's challenge to the legality of his sentence is procedurally barred. Finally, the Court concludes that Mr. Dominguez's supplemental claim is also procedurally barred. Therefore, the motion to supplement and amend is GRANTED, (ECF 4) and Mr. Dominguez's § 2255 motion (ECF 1) is DENIED as to claim one and DISMISSED as to claim two and the supplemental claim.

## Background

The Court takes the relevant history in large part from the government's opposition and the Tenth Circuit's opinion on Mr. Dominguez's appeal. *United States v. Dominguez*, 998 F.3d 1094, 1096-97 (10th Cir. 2021).

The underlying criminal charges arise from a series of armed robberies of pharmacies in New Mexico and Wyoming committed by Mr. Dominguez, Antoine Mitchell, and Moses D. Dickens III. The three were first arrested in Raton, New Mexico. The Raton Police Department posted information concerning the robbery, including

photos, on the Department's Facebook page, which ultimately came to the attention of a pharmacist who had been shot during the Wyoming pharmacy robbery. That pharmacist alerted law enforcement, which began investigating whether the suspects in the New Mexico robbery had also committed the Wyoming robbery. Ultimately, federal grand juries in both states returned multi-count indictments charging Mr. Dominguez and the other two men with various crimes related to these robberies. Among Mr. Dominguez's charges were three separate violations of 18 U.S.C. § 924(c)—one in relation to the New Mexico pharmacy robbery, and two in relation to the Wyoming pharmacy robbery.

> Under § 924(c),
>
> any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). As to the New Mexico robbery, Mr. Dominguez's only § 924(c) charge alleged brandishing a firearm, and thus invoked the seven-year mandatory minimum sentence. As to the Wyoming robbery, Mr. Dominguez's two § 924(c) charges each alleged discharge, which invoked the ten-year mandatory minimum sentence.

Section 924(c) requires that each term of imprisonment for a violation of the statute run consecutively to each of a defendant's other terms of imprisonment. Additionally, when Mr. Dominguez was indicted, § 924(c) contained a "stacking provision," which mandated mandatory minimum sentences of twenty-five years for second or subsequent

3

§ 924(c) violations. *See id.* § 924(c)(1)(C) (2006). Consequently, when indicted, Mr. Dominguez faced a mandatory minimum sentence of sixty years if convicted on all three § 924(c) violations.

The parties began global plea negotiations to resolve both the Wyoming and New Mexico cases, and Mr. Dominguez signed his Rule 11(c)(1)(C) plea agreement on December 20, 2018. ECF 146 (17-CR-98). The plea agreement provided that Mr. Dominguez would plead guilty to three counts from the Wyoming indictment—including one § 924(c) violation—and one count from the New Mexico indictment. Among other things, it provided that he would receive a sentence of 8 years' imprisonment for the Wyoming carjacking count (Count 2); 10 years' imprisonment for the Wyoming attempted robbery count (Count 5); and 10 years imprisonment for the Wyoming § 924 discharge of a firearm count, all to be served consecutively. Regarding the New Mexico indictment (which was ultimately transferred to Wyoming and became 18-CR-186), Mr. Dominguez agreed to receive 18 years' imprisonment for the New Mexico robbery conspiracy count, to be served concurrently with the 18-year sentence imposed for Counts 2 and 5 of the Wyoming indictment. In exchange, the government would dismiss the remaining charges against him, including the two additional § 924(c) violations with which he was charged. Finally, the government agreed not to charge Mr. Dominguez with any conduct under investigation related to a bank robbery that occurred in 2015 in Albuquerque, New Mexico. In short, by the plea agreement he signed on December 20, 2018, Mr. Dominguez agreed to a sentence of twenty-eight years' imprisonment as a global resolution of all charges.

On December 21, 2018, Mr. Dominguez appeared in district court for his change-of-plea hearing. At the conclusion of the Rule 11 colloquy conducted by the Court, Mr. Dominguez pled guilty to each of the four charges covered by the plea agreement, which pleas were conditionally accepted. However, that same day the President signed into law the First Step Act ("FSA") which altered the stacking provision of § 924(c) and significantly impacted Mr. Dominguez's penalty exposure. Before the FSA, Mr. Dominguez faced a sixty-year mandatory minimum sentence were he to be convicted on all three § 924(c) charges brought in the New Mexico and Wyoming indictments. After the FSA, conviction on all these charges would bring only a mandatory minimum sentence of twenty-seven years. See id. § 924(c)(1)(A), (D)(ii).

After learning of the FSA, Mr. Dominguez sought to withdraw his guilty plea. ECF 161 (17-CR-98). His attorney argued that "[t]he entire structure of the law changed for Mr. Dominguez on the same day he changed his plea" and that "almost for certain [Mr. Dominguez] wouldn't have changed his plea" had he known about the FSA. ECF 227 (17-CR-98), pp. 12-13. In an Order denying Mr. Dominguez's motion to withdraw his guilty plea, the Court concluded that he was engaged in plea negotiations for several weeks prior to the change of plea hearing, when the passage of the FSA was uncertain, and that the failure to fully consider the new law did not constitute the lack of close assistance of counsel, especially when Mr. Dominguez continually stated that he was satisfied with the advice of counsel. ECF 194 (17-CR-98), pp. 8-9. Further, the fact Mr. Dominguez was not aware of potential statutory changes did not provide a sufficient basis to find the guilty plea was not knowingly entered. Id., p. 10.

Mr. Dominguez appealed the order denying the motion to withdraw his guilty plea on the basis that his plea was not knowing and intelligent, and that his plea was invalid because he did not receive "close assistance" of counsel during the plea-bargaining process. ECF 206 (17-CR-98). The Tenth Circuit rejected both arguments. As to the first, the Court held that "Mr. Dominguez [did] not demonstrate how any misunderstanding he may have had about the [FSA's] potential effects on mandatory minimum penalties for charges to which he did *not* plead guilty are of direct consequence with respect to the charges to which he *did* plead guilty, such that his purported misunderstanding regarding these effects would render his plea unknowing and unintelligent." *Dominguez*, 998 F.3d at 1109 (emphasis in original). Next, the Circuit viewed Mr. Dominguez's claim that he did not receive "close assistance" of counsel under the familiar, two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and its progeny, which was consistent with how the parties framed the issue. *Id*. at 1110. Following a comprehensive discussion of *Strickland's* prejudice prong in the context of Mr. Dominguez's two prejudice theories (e.g., the denial of his right to a trial and the denial of a potentially better plea agreement), the Court held that, "under either theory, Mr. Dominguez's prejudice showing is inadequate and, therefore, his ineffective-assistance claim fails." *Id*. at 1113.

The court of appeals' decision was on June 2, 2021. The Defendant sought a writ of *certiorari* from the Supreme Court, but his petition was denied on May 31, 2022. *Dominguez v. United States*, 142 S.Ct. 2756 (2022). Therefore, his current § 2255 motion, filed on November 28, 2022, is timely for purposes of § 2255(f)'s one year limitation period. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

Applicable Law

Section 2255 entitles a prisoner to relief "[i]f the Court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). The standard applied to § 2255 motions is stringent. "Not every violation of federal law can be remedied under § 2255. Only if the violation constitutes a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure can § 2255 provide relief." *United States v. Gordon*, 172 F.3d 753, 755 (10th Cir. 1999) (internal quotations omitted). The Court presumes the proceedings which led to a defendant's conviction were correct. *See Parke v. Raley*, 506 U.S. 20, 29-30 (1992) ("presumption of regularity that attaches to final judgments, even when the question is waiver of constitutional rights," internal quotation marks omitted).

Further, special rules govern consideration of a motion to vacate under 28 U.S.C. § 2255. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Frady*, 456 U.S. 152 (1982); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). A defendant who fails to raise an issue before this court or on direct appeal may present it in a § 2255 motion only if he can demonstrate cause for his procedural default, and either actual prejudice from the alleged errors, or that a fundamental

miscarriage of justice will occur if his claim is not addressed. *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

In order to establish "cause," a defendant must show that there existed some external impediment which prevented him from raising the claim during the original proceedings on his case, or on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). A defendant could show "cause" by demonstrating that his non-compliance was the product of some kind of governmental or official interference, or that his claim was so novel that its legal basis was not reasonably available to his counsel. *Id.*, 477 U.S. at 488; *see also Reed v. Ross*, 468 U.S. 1, 16 (1984). However, neither ignorance nor inadvertence is sufficient in this regard, nor is a failure to recognize the factual or the legal basis for the claim. *Id.*

Additionally, "[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *See also United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (same)

The procedural bar rules do not apply to a petitioner's claim of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim under § 2255, a petitioner must meet the well-established two-prong test set forth in *Strickland*, 466 U.S. 668. That is, the petitioner must show: (1) "counsel's performance was deficient" ("fell below an objective standard of reasonableness"); and (2) "the deficient performance prejudiced the defense" ("there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). *Id*. at 687-88, 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed." *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (quoting *Strickland*, 466 U.S. at 697).

The Court's review is "highly deferential," based on "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689). Where "the basis for the ineffective assistance claim is the failure to raise an issue, [the Court] must look to the merits of the omitted issue." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006). "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *Id.*

> In analyzing whether counsel's alleged errors prejudiced petitioner, [the Court] must keep in mind the standard to be applied in assessing whether petitioner is entitled to an evidentiary hearing in federal court on his ineffectiveness claim. First, the petitioner bears the burden of alleging facts which, if proved, would entitle him to relief. Moreover, his allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing.

*Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (overruled on other grounds by *Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001)) (citations and quotations omitted).

## Discussion

Mr. Dominguez identifies two claims of error which he argues warrant § 2255 relief, along with a supplemental claim by way of his motion to amend. In his initial § 2255 petition, Mr. Dominguez first argues appellate counsel rendered ineffective assistance on

9

his direct appeal by arguing trial counsel failed to provide "close assistance" of counsel, rather than arguing trial counsel rendered ineffective assistance under *Strickland*. ECF 1, pp. 14-23.  Second, Mr. Dominguez argues this Court abused its discretion by erroneously concluding that the law did not change (by way of the FSA) until after his change of plea hearing (which Dominguez views as a claim that he was sentenced under the pre-FSA law which would constitute an abuse of discretion and render the proceedings fundamentally unfair).  *Id.*, pp. 24-28.  Finally, as a supplemental § 2255 claim, Mr. Dominguez argues an intervening change in the law – *Taylor v. United States*, 142 S.Ct. 2015 (2022) – mandates that the § 924 conviction and sentence be vacated because the predicate conviction of Attempted Robbery Involving Controlled Substances and Aiding and Abetting under 18 U.S.C. § 2118(a)(1)(3)(c)(1) and (2) no longer qualifies as a crime of violence under § 924(c)(3)(A)'s element clause.

    A. *Claim 1 – Ineffective Assistance of Appellate Counsel*

As to this claim, Mr. Dominguez essentially argues all the same points which were unsuccessfully advanced in support of his motion to withdraw his guilty plea, and which were also unsuccessfully advanced to the Tenth Circuit in support of his direct appeal of this Court's order denying the motion.  The government opposes, pointing out that Mr. Dominguez's appellate counsel in fact argued that trial counsel was constitutionally ineffective under *Strickland*.  Because Mr. Dominguez's factual basis for his claim is false, the government argues that this claim should be rejected.  The government also argues that this claim was fully addressed and rejected by the Tenth Circuit, and Mr. Dominguez fails to identify any intervening change in the law of the circuit.  Based on this, the government

argues this issue may not be considered on a collateral attack by a motion pursuant to § 2255.

In considering this claim, the Court agrees with the government. While Mr. Dominguez attempts to bring this argument under the guise of ineffective assistance of appellate counsel, such a claim is baseless. Appellate counsel argued the *Strickland* test in advancing Mr. Dominguez's contention that trial counsel failed to provide "close assistance," and the Tenth Circuit considered the "close assistance" argument through that same *Strickland* lens. The effectiveness of trial counsel was fully and comprehensively considered by the Tenth Circuit, and it may not be now raised on collateral attack simply by dressing it up as an argument of ineffective assistance of appellate counsel. Contrary to Mr. Dominguez's statements, appellate counsel advanced the *Strickland* test to assess the assistance of trial counsel, and the Tenth Circuit considered that test. Additionally, there is no intervening change in the law of the circuit for consideration of Mr. Dominguez's argument in a § 2255 petition, and this claim of error is denied.

B. Claim 2 – *Abuse of Discretion at Sentencing*

Mr. Dominguez argues that this Court was wrong in concluding that the law did not change until after his change of plea hearing which ultimately led to a sentencing proceeding which was fundamentally unfair. The government opposes, arguing that Mr. Dominguez's challenge to the legality of his sentence is procedurally barred with no showing of "cause" under *Frady*. The government also argues that this claim lacks merit because Mr. Dominguez was sentenced on only one § 924(c) count, and the mandatory ten-year consecutive sentence for that offense was not affected by anything in the FSA.

Because the government raises the procedural bar issue in response to this claim of error, the Court is obliged to address the issue and, if appropriate, dispose of the case on that basis. *Allen,* 16 F.3d at 379. The Court agrees with the government that Mr. Dominguez's second claim of error, that his sentencing proceeding was fundamentally unfair, is barred. Mr. Dominguez provides no reason why this claim could not have been raised with this Court in connection with his sentencing, or why it was not raised on direct appeal. Consequently, this claim of error is dismissed.

C. *Supplemental Claim – An Intervening Change in the Law*

As a supplemental § 2255 claim, Mr. Dominguez argues an intervening change in the law – *Taylor v. United States*, 142 S.Ct. 2015 (2022) – mandates that his conviction and sentence under § 924(c)(1)(A) be vacated because the predicate conviction of Attempted Robbery Involving Controlled Substances and Aiding and Abetting under 18 U.S.C. § 2118(a)(1)(3)(c)(1) and (2) no longer qualifies as a crime of violence under § 924(c)(3)(A)'s element clause.

As noted above, 18 U.S.C. § 924(c)(1)(A) mandates a ten-year consecutive sentence for anyone convicted of "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence … (iii) if the firearm is discharged." The statute defines "crime of violence" in two ways: the term "means an offense that is a felony" and that either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

In *United States v. Davis*, the Supreme Court held that clause (B)—the "residual clause"—is unconstitutionally vague. 139 S. Ct. at 2336. After *Davis*, then, a criminal conviction qualifies as a predicate "crime of violence" under § 924(c) only if it meets the terms of clause (A)—the "elements clause"—that is, only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id*. at 2324 (quoting § 924(c)(3)).

In response, the government argues that Mr. Dominguez's supplemental claim was effectively and specifically waived by the terms of his plea agreement, and this claim is procedurally barred absence a showing of the necessary cause and prejudice under *Frady*. The government argues this has not been shown, and actual innocence of this or other equally or more serious charges cannot be shown by Dominguez.

Again, because the government raises the procedural bar issue, this will be addressed first. The Court agrees with the government that Mr. Dominguez's supplemental claim of error – the *Taylor*-based challenge to the attempted robbery conviction – is barred. Mr. Dominguez provides no reason why this claim was not raised before this Court or on direct appeal. He makes no argument that the claim would surely have been futile and doomed to fail based on binding precedent in this circuit, or even persuasive precedent from other circuits. The legal basis was available to him during the time the charges were pending against him, as well as during his appeal. Thus, cause for a procedural default based on "futility" does not exist. *Engle v. Isaac*, 456 U.S. 107, 134 (1982).

Further, the government anticipates that Dominguez will argue actual innocence to survive the procedural bar. *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998). In response, the

13

government points out that Mr. Dominguez has not and cannot demonstrate actual innocence on all charges the government bargained away in the course of plea negotiations. *Taylor v. Powell*, 7 F.4th 920, 937 (10th Cir. 2021). The government points out that it dismissed two charges, each alleging aggravated violations of § 924(c) with legally sufficient predicates, which involved cumulatively mandatory minimum penalties greater than what Mr. Dominguez received for the conviction at issue.[2] Mr. Dominguez makes no argument as to actual innocence as to any charge, let alone the bargained-away charges, nor does he argue that Count Two of the New Mexico indictment lacks proper predicates. Consequently, this supplemental claim of error is procedurally barred and is dismissed.

## Conclusion

As to all claims and arguments, the files and record in this case conclusively establish that Mr. Dominguez is not entitled to any additional relief. Accordingly, no evidentiary hearing is required. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where § 2255 motion may be resolved on review of record before the Court).

**THEREFORE, IT IS ORDERED** that Mr. Dominguez's Motion to Supplement and Amend his Motion under 28 U.S.C. § 2255 (ECF 4) is **GRANTED**; and

---

[2] Notably, Count Two in the New Mexico indictment charged brandishing, using and carrying a firearm during and in relation to crimes of violence and drug trafficking. The crimes of violence predicates for Count Two include (Count Three) robbery involving controlled substances in violation of 18 U.S.C. § 2118(a)(1) and (c)(1), and (Count Four) theft of medical products, in violation of 18 U.S.C. § 670(a)(1) and (b)(2)(A) and (B). ECF 25 (16cr4697). The drug trafficking predicate for Count Two is Count Five, possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id*.

**IT IS FURTHER ORDERED THAT** claim one of Mr. Dominguez's Motion Under 28 U.S.C. § 2255 (ECF 1) is **DENIED**; and

**IT IS FURTHER ORDERED** that claim two of Mr. Dominguez's Motion Under 28 U.S.C. § 2255 (ECF 1) is **DISMISSED**; and

**IT IS FURTHER ORDERED** that Mr. Dominguez's supplemental claim added to his Motion Under 28 U.S.C. § 2255 (ECF 4) is **DISMISSED**; and

**IT IS FINALLY ORDERED** that pursuant to 22 U.S.C. § 2253(c), this Court declines to issue a certificate of appealability based on the conclusion that petitioner has not made a substantial showing of the denial of a constitutional right. *See also, Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Dated this 17th day of February, 2023.

*Nancy D. Freudenthal*

NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE